UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EVAN MARIN,

                               Plaintiff,

                                                                            <u>DECISION AND ORDER</u>

                                                                             15-CV-6529L

                           v.

CAROLYN W. COLVIN,

                               Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On November 9, 2012, plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since April 1, 2012. (Dkt. #8 at 20).[1] His application was initially denied. Plaintiff requested a hearing, which was held April 10, 2014 via videoconference before Administrative Law Judge ("ALJ") Rosanne M. Dummer. The ALJ issued an unfavorable decision on April 25, 2014, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on July 9, 2015 (Dkt. #8 at 1-3). Plaintiff now appeals.

---

[1] References to page numbers in the Administrative Transcript (Dkt. #8) refer to the internal Bates-stamped numbers assigned by the parties.

The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's cross motion (Dkt. #15) is granted, plaintiff's motion (Dkt. #10) is denied, and the complaint is dismissed.

## DISCUSSION

An ALJ proceeds though a five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. See 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, then the ALJ continues to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ proceeds to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, the ALJ's analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f).

The ALJ then turns to whether the claimant's RFC permits performance of the requirements of the claimant's past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (*quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (*quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

The same level of deference is not owed to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently determine

if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

Here, the ALJ determined that the plaintiff was capable of performing sedentary work, with the following limitations: lifting and carrying up to 10 to 15 pounds; sitting, standing and/or walking for 6 hours in an 8-hour workday; avoidance of ladders, ropes, scaffolds and unprotected heights; no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching and crawling; requiring the option to change positions from sitting to standing, briefly, on the hour; and requiring the use of a cane to ambulate. (Dkt. #8 at 23). When presented with this RFC, vocational expert Dian L. Haller testified that plaintiff could perform the positions of rental clerk, ticket seller, new account clerk, final assembler, and touchup inspector. (Dkt. #8 at 33).

Plaintiff's treatment records reflect a history of complaints of back pain with antalgic gait (indicating pain on weight-bearing) offset by the use of a cane and/or walker, and treated with medication. The ALJ's finding concerning plaintiff's RFC is consistent with the medical evidence of record.

Initially, plaintiff contends that the ALJ failed to sufficiently support her decision not to give controlling weight to the opinions of treating physiatrist Dr. Clifford Ameduri (Dkt. #8 at 401-09, 648-56). Dr. Ameduri's initial opinion, rendered November 28, 2012, opined that plaintiff could sit for no more than fifteen or thirty minutes at a time and could stand or walk for

no more than five minutes at a time, required the use of a cane to ambulate, could never reach, push or pull with his hands, could never climb, balance, stoop, kneel, crouch or crawl, and would likely miss two or more days of work per month due to pain (although the same report curiously opined that plaintiff would have no issues with productivity due to pain, because pain is "not the problem"). (Dkt. #8 at 401-09). A second opinion by Dr. Ameduri, dated March 10, 2014, stated that plaintiff could sit for no more than 1-2 minutes at a time, could stand or walk for up to 15 minutes, no longer needed a cane to ambulate, could occasionally reach, push or pull with his hands, could occasionally climb or balance but could never stoop, kneel, crouch or crawl, would likely miss two or more days of work per month due to pain, and would see a greater than 20-25% decrease in productivity on "bad days." (Dkt. #8 at 648-56). The only objective evidence cited to support those opinions was plaintiff's April 20, 2012 spinal MRI. (Dkt. #8 at 372-73, 392-93).

A treating physician's opinion is entitled to controlling weight if it is well-supported by medical findings, and is not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). If an ALJ opts not to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency; and (5) the physician's specialization, along with any other relevant factors. 29 C.F.R. §404.1527(d)(2). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

I find that the ALJ appropriately considered the relevant factors in assessing the opinions of Dr. Ameduri, as those opinions were inconsistent with the bulk of the medical evidence of record. The RFC determined by the ALJ is also consistent with plaintiff's longitudinal history of

examination findings by treating physician Dr. Ameduri and others. Objective testing and examination has consistently yielded normal findings with respect to plaintiff's muscle strength and tone, motor and sensory function, and deep tendon reflexes, although plaintiff's range of motion was typically limited due to pain. (Dkt. #8 at 305, 333, 384, 387, 398, 413, 417, 424-25, 434-35, 445-46, 452-53, 476, 482, 492, 497, 505-06, 518, 524-25, 542, 616, 631, 661, 671). Notwithstanding Dr. Ameduri's alleged reliance on plaintiff's April 20, 2012 MRI scan as providing support for the functional limitations he described, the MRI and X-ray scans of plaintiff's spine have shown no fractures, no misalignment, no compression, no significant spinal or neuroforaminal stenosis (narrowing of spaces within the spinal column), and no more than minor lumbar spinal degeneration and/or disc bulging. (Dkt. #8 at 305, 306-08, 333, 335, 372-77, 392-94). Plaintiff's self-reported daily activities, including cooking, cleaning, doing laundry, shopping, running errands and childcare, were also inconsistent with the extent of his claimed limitations, and with the highly restrictive exertional limitations identified by Dr. Ameduri. On the whole, Dr. Ameduri's opinions suggest restrictions that are wholly unsupported by objective tests or examination findings, and which extend far beyond what plaintiff's diagnoses and symptoms would be reasonably expected to produce. I find that the ALJ's decision not to grant controlling weight to the opinions of Dr. Ameduri was adequately supported.

Plaintiff also argues that the ALJ failed to sufficiently explain the weight given to the opinions of non-treating orthopedist Dr. Marc Bergeron, who twice performed independent medical examinations of plaintiff in the context of a Workers Compensation claim. (Dkt. #8 at 650-67, 668-78). Plaintiff contends that if the ALJ had opted to credit Dr. Bergeron's opinions

as to plaintiff's limitations (in particular, his reference to "no stooping," Dkt. #8 at 665),[2] the ALJ's disability finding might have been different.

The Court disagrees. Upon review of the record, it is clear "that the ALJ properly declined to [credit] the medical assessment[s]" by Dr. Bergeron. *Brogan-Dawley v. Astrue*, 2012 U.S. App. LEXIS 11841 at *634 (2d Cir. 2012) (unpublished opinion). While the ALJ failed to expressly state the amount of weight given to Dr. Bergeron's opinions, they were clearly not overlooked. To the contrary, the ALJ considered and discussed them in detail (Dkt. #8 at 26-27), and to the extent that the ALJ implicitly rejected them by declining to incorporate the limitations Dr. Bergeron had specified into her RFC finding, those limitations were duplicative of those specified by treating physician Dr. Ameduri. As the Court has already noted, the ALJ properly rejected Dr. Ameduri's opinions as unsupported by – and inconsistent with – the objective medical evidence of record. Thus, even though the ALJ failed to overtly describe the weight she gave to Dr. Bergeron's opinions, that error is harmless and agency reconsideration would be unnecessary because "application of the correct legal principles to the record could lead [only to the same] conclusion." *Id*.

Finally, plaintiff alleges that the ALJ failed to properly credit plaintiff's subjective testimony concerning the effect of his impairments on his RFC. In assessing a claimant's credibility, an ALJ must consider the objective medical evidence, as well as evidence concerning: (1) the plaintiff's daily activities; (2) the location, duration, frequency and intensity of the plaintiff's pain or other symptoms; (3) factors that precipitate or aggravate the symptoms; (4) the type, dosage, effectiveness and side effects of plaintiff's medications; (5) other means of

---

[2] It is well settled that "[a] complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply." *Henry v. Colvin*, 2016 U.S. Dist. LEXIS 76304 at *15-*16 (W.D.N.Y. 2016) (quoting Social Security Ruling 96-9p, 1996 SSR LEXIS 6 at *22 (1996)).

pain relief received by the plaintiff; (6) non-treatment measures used by plaintiff for pain relief; and (7) any other factors concerning the individual's functional limitations and restrictions. *See* 20 C.F.R. §§ 404.1529, 416.929. "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Cornell v. Astrue*, 2013 U.S. Dist. LEXIS 9513 at *20-*21 (N.D.N.Y. 2013).

Here, the ALJ observed that there was no objective testing supporting plaintiff's claims of debilitating pain (and that to the contrary, MRI scans showed only mild degeneration, and objective range of motions tests were typically normal), and that plaintiff had been treated "conservatively" with chiropractic therapy and medication management, with no recommendation for surgery or other more invasive measures. (Dkt. #8 at 28). The ALJ also took note of examining physician Dr. Bergeron's opinion that plaintiff appeared to be exaggerating the effects of his pain, (Dkt. #8 at 27), as well as similar notes by other physicians, variously expressing that plaintiff was observed discontinuing use of his cane once he left the doctor's office, made "poor effort" in complying with objective tests of his motor strength, exhibited signs of "symptom magnification," and appeared focused solely on obtaining Social Security benefits rather than undergoing treatment. (Dkt. #8 at 29-30). In light of these factors, the ALJ's determination that claimant's descriptions of debilitating pain were not credible considered the proper factors, and was well-supported.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is granted. The Commissioner's decision that plaintiff, Evan Marin, was not disabled, is affirmed, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      April 17, 2017.